**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



_/s/ Russ Kendig_
**Russ Kendig
United States Bankruptcy Judge**

**Dated: 02:27 PM July 3, 2012**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| DANIEL OTT, JR., | ) CASE NO. 12-61310 |
| | ) |
| Debtor. | ) JUDGE RUSS KENDIG |
| | ) |
| | ) |
| | ) **MEMORANDUM OF OPINION** |
| | ) **(NOT FOR PUBLICATION)** |
| | ) |

Pro se debtor Daniel Ott, Jr. ("Debtor") filed a Motion to Stay of (sic) Judgment/Order on June 25, 2012. The court interprets the motion to seek a stay pending appeal pursuant to Federal Rule of Bankruptcy Procedure 8005. No notice was provided by Debtor. The certificate of service does not show that the motion was served on the chapter 13 trustee, Toby L. Rosen ("Trustee").[1]

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

---

[1] The court acknowledges that Trustee was on the CM/ECF mail notice list and therefore would have received electronic notice of the filing via the court's CM/ECF system.

## BACKGROUND

On April 18, 2012, Debtor filed a skeletal petition in Cleveland, Ohio. His case was later transferred to Canton.[2]

Debtor filed using an outdated petition form. When he commenced his case, he did not file schedules, the means test, the Statement of Financial Affairs, employee income records, and other documents required by § 521(a) of the bankruptcy code. Under Federal Rule of Bankruptcy Procedure 1007(c), these documents are to be filed with the petition or within fourteen days of entry of the order for relief.

Debtor also failed to file a chapter 13 plan with the petition. 11 U.S.C. § 1321. Rule 3015(b) sets forth the same filing deadlines for plans as the deadlines as found in Rule 1007(c).

Under both Rule 1007(c) and 3015(b), the court can grant an extension of the filing deadlines. An extension under Rule 1007(c) must be done by motion and provide notice to the United States Trustee.

Debtor did not file the schedules, plan and other applicable documents within the fourteen day window. They were due on May 2, 2012. On May 8, 2012, Debtor moved for an extension of the deadline. He served only one party, a law firm in Columbus. He did not provide notice to the United States Trustee. The court granted his motion, permitting him through June 4, 2012 to file the schedules. The order advised that if the missing documents were not filed, the case would be dismissed.

On June 8, 2012 at 11:00 a.m., the court entered an order dismissing the case. It now appears that at 10:51 a.m. that same day, Debtor submitted schedules and the statement of financial affairs, which were docketed by the Clerk's office later that day, after the dismissal order. The court notes that the schedules he filed were not verified at the time of filing. The declaration verifying the truth and correctness of the documents was not filed until June 25, 2012.

Debtor has still not provided the remaining documents, including, but not limited to, verification of the creditor matrix, the means test, employee income records, and a chapter 13 plan. He has not sought additional time to file these documents.

On June 25, 2012, Debtor appealed the court's dismissal order. In conjunction with his appeal, he sought a stay pending appeal.

## DISCUSSION

To determine whether to grant Debtor a stay, the court must consider four factors: "(1) the likelihood that the party seeking the stay will prevail on the merits on appeal, (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be

---

[2] The case was apparently assigned here based on Debtor's current address, a correctional facility in Mansfield, Ohio. His street address on the petition is in Summit County, a county served by the Bankruptcy Court of the Northern District of Ohio at Akron.

harmed if the court grants the stay; and (4) the public interest in granting the stay." Stearns Bldg. v. WHBCF Real Estate, 1998 WL 661071, *3 (6th Cir. 1998) (unpublished) (citing MI Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir.1991); In re DeLorean Motor Co., 755 F.2d 1223,1228 (6th Cir. 1985)). Review of these factors demonstrates that a stay pending appeal is not warranted.

Debtor has little likelihood of success on the merits. After missing the first deadline, he belatedly filed only part of the required information. He still has not filed the plan, means test, or employee income records, documents required by sections 521 and 1321 of the bankruptcy code, nor has he requested an extension. Debtor's noncompliance resulted in automatic dismissal of the petition under 11 U.S.C. § 521(i).

Debtor did not demonstrate that he will be irreparably harmed in the absence of a stay. His motion contains no specific allegations of potential harm or prejudice that he is likely to experience if the stay is not granted. He lists only two creditors: a mortgage creditor and the Internal Revenue Service ("IRS"). There is no proof of any actions against Debtor by either creditor. The Statement of Financial Affairs does not show any actions, such as foreclosure, pending against Debtor.

It is more likely that the creditors will suffer greater harm by the stay than Debtor. When Debtor filed the case, he did not include a list of creditors. As a result, no creditors received the Notice of Chapter 13 Bankruptcy Case. Although the current motion was served to IRS and PNC, the mortgage creditor, Debtor did not serve PNC at the address specified in the Notice of Appearance filed on May 15, 2012. The IRS has not been served at the address maintained by the Clerk pursuant to Rule 5003(e).

Further, Debtor is not making any plan payments. The first plan payment was due "not later than 30 days after the date of the filing of the plan." 11 U.S.C. § 1326(a)(1). The chapter 13 trustee didn't have any employment information until the schedules were filed on June 8, 2012 and Schedule I doesn't provide a full address for issuance of a wage order. Even if it did, without a plan, the trustee doesn't know how much to direct to be paid into a plan. Debtor is receiving the benefit of a stay without any corresponding renumeration to creditors.

The court finds no public interest in granting a stay pending appeal. In this situation, Debtor's dismissal lies solely at his own hands. The impact of a decision on his motion affects he and his creditors, not a greater public interest.

Based on the above, the court finds that none of the factors for a stay pending appeal weigh in Debtor's favor. The court will deny the motion by separate order.

# # #

**Service List:**

Daniel Ott, Jr
PO Box 788
Mansfield, OH 44901-0788

Toby L Rosen, Trustee
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702

Kristan A. Prill
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH 43216-5028

Office of the United States Trustee
Howard M. Metzenbaum U.S. Courthouse
201 Superior Ave.
Cleveland, OH 44114

Internal Revenue SRV
Dept of Treasury
P.O. Box 0045
Fresno, CA 93888-0045

PNC Bank NA
PO Box 165028
Columbus, OH 43216

PNC Bank NA
One PNC Plaza
249 Fifth Ave.
Pittsburgh, PA 15222-270

Internal Revenue Service
P.O. Box 7346
Philadelphia, Pennsylvania 19101-7346

Internal Revenue Service
Insolvency Group 6
1240 East Ninth Street, Room 493
Cleveland, Ohio 44199